# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALEXANDER HERNANDEZ, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 09-4026-RDR |
| SEABOARD FOODS, LLC, | ) |
| Defendant. | ) |

## **ORDER**

This matter comes before the Court upon Defendant Seaboard Foods LLC's ("Defendant" or "Seaboard") Motion to Compel Medical and Employment Authorizations (Doc. 31), filed October 9, 2009. Plaintiff Alexander Hernandez ("Plaintiff" or "Hernandez") filed a Response in Opposition to the Motion to Compel (Doc. 36) on October 23, 2009. For the reasons stated below, this Court denies Defendant's Motion to Compel.

**I.**     **Background**

Plaintiff alleges that Defendant terminated his employment in retaliation for filing a workers' compensation claim and for taking a leave of absence under the Family and Medical Leave Act.[1] Defendant contends that Plaintiff was fired for falsifying time records after he washed his car in the company parking lot while on "company time."

On or about May 15, 2009, Defendant served its First Request for Production of Documents on Plaintiff pursuant to Federal Rule of Civil Procedure 34.[2] In Request for Production No. 10, Defendant requested Plaintiff execute an attached Authorization for Release

---

[1] Compl. (Doc. 1).

[2] Certificate of Service (Doc. 14).

of Employment Records.[3] On June 18, 2009, Plaintiff provided responses to Defendant's First Request for Production of Documents.[4] Plaintiff objected to providing the employment records authorization because he contended that his prior employment records "are not reasonably calculated to lead to the discovery of admissible evidence . . . . [and] are irrelevant, private and inadmissible."[5]

In Request for Production No. 16, Defendant requested Plaintiff execute and return an attached Medical Waiver Authorization.[6] Plaintiff objected to signing a "generic" Medical Waiver Authorization, but agreed to sign "provider specific Medical Waiver Authorizations" upon receipt from Defendant.[7] Plaintiff's counsel contends that Defendant only recently provided him with ten provider specific authorizations, which he has forwarded to Plaintiff for signature.[8]

In the present motion, Defendant seeks an order compelling Plaintiff to execute the medical and employment authorization forms.

**II.     Procedural Requirement to Confer**

Before considering the merits of Defendant's Motion to Compel, this Court must

---

[3] Def.'s Mem. in Supp. of Mot. to Compel Medical and Employment Authorizations (Doc. 32), Ex. A at 4.

[4] *Id.*, Ex. A at 9.

[5] *Id.*, Ex. A at 4.

[6] *Id.*, Ex. A at 6.

[7] *Id.*

[8] Pl.'s Resp. to Def.'s Mot. to Compel Medical and Employment Authorizations (Doc. 36), at 2.

determine whether Defendant has complied with the requirements of the Federal Rules of Civil Procedure and this district's local rules regarding the movant's duty to confer with opposing counsel prior to filing a motion to compel. Fed. R. Civ. P. 37(a)(1) provides that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Every certification "shall describe with particularity the steps taken by all counsel to resolve the issues in dispute."[9] Unless counsel for the moving party has conferred or made reasonable efforts to do so, "[t]he court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37."[10]

D. Kan. R. 37.2 expands on the movant's duty to confer, stating "[a] 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[11]

Defendant did not provide a certification describing the steps taken to resolve this discovery dispute. However, Defendant has attached copies of correspondence between its counsel and Plaintiff's counsel regarding the discovery requests at issue.[12] The correspondence consists of a July 9, 2009 letter and two brief follow up emails on September 30, 2009 and

---

[9] D. Kan. R. 37.2.

[10] *Id.*; *see also Fields v. Huffman*, No. 07-3310-JTM-DJW, 2009 WL 3053850, at *1 (D. Kan. Sept. 18, 2009) (denying motion to compel because movant never contacted or attempted to contact defendant before filing motion to compel discovery).

[11] D. Kan. R. 37.2.

[12] *Id.*, Exs. B–D.

3

October 1, 2009.[13] Although this Court expresses some doubt whether Defendant has made a reasonable effort to confer, it will address the merits of Defendant's motion in the interest of moving the case forward.[14]

**III.    Analysis**

Plaintiff objects that Defendant's motion is untimely. D. Kan. R. 37.1(b) states that, "[a]ny motion to compel discovery . . . shall be filed and served within 30 days of the default or service of the response, answer or objection which is the subject of the motion, unless the time for filing such motion is extended for good cause shown. Otherwise the objection to the default, response, answer, or objection shall be waived."[15] Courts in this district consistently construe and apply the 30-day time period under D. Kan. Rule 37.1(b) as beginning when specific information leading to a dispute is discovered.[16]

Plaintiff served his objections and responses to Defendant's First Request for Production

---

[13] *See id.*

[14] *See Masquat v. Mentor Corp.*, No. 99-2520-CM, 2000 WL 864166, at *1 (D. Kan. June 14, 2000) (ruling on the merits of a motion to compel despite procedural defects in efforts to confer); *Fears v. Wal-Mart Stores, Inc.*, No. 99-2515-JWL, 2000 WL 715819, at *1 (D. Kan. May 30, 2000) (ruling on the merits of a motion for a protective order despite defendant's failure to confer or provide a certification indicating proper conferral).

[15] D. Kan. R. 37.1(b).

[16] *See, e.g.*, *Mundy v. Indian Hills Country Club*, No. 06-2268-KHV, 2007 WL 852619, at *6 (D. Kan. Mar. 16, 2007) (stating that defendant's motion to compel should have been filed within 30 days of plaintiff's responses to defendant's requests for production); *Geer v. Cox*, No. 01-2583-JAR, 2003 WL 21254731, at *1–*2 (D. Kan. May 21, 2003) (stating that any motion to compel discovery should have been filed within 30 days of the date that plaintiff served its objections and responses to defendant's requests for production).

of Documents on June 18, 2009.[17]  Thus, any motion to compel discovery by Defendant should have been filed by July 19, 2009.  Defendant did not file the instant motion until October 9, 2009, nearly four months after receiving Plaintiff's responses and objections.  Defendant has not shown excusable neglect for its delay.[18]  Accordingly, Defendant's Motion to Compel Medical and Employment Authorizations is denied as untimely.

Additionally, this Court has no authority to compel Plaintiff to sign the authorization forms.  Federal Rule of Civil Procedure 34 requires a party to produce or provide for inspection and copying documents and tangible things that are in the possession, custody or control of the party upon whom the request is served.[19]  However, "Rule 34 contains no provision requiring a party to sign a release or authorization so that a requesting party may obtain a document directly from a non-party."[20]  Thus, neither Rule 34 nor Rule 37 of the Federal Rules of Civil Procedure may be used to compel an opposing party to sign authorization forms for the release of documents from a non-party.[21]  The appropriate procedure to compel non-parties to produce

---

[17] Def.'s Mem. in Supp. of Mot. to Compel Medical and Employment Authorizations (Doc. 32), Ex. A at 9.

[18] If a motion to compel is filed after the expiration of the time allowed for its timely filing, the proper standard to determine whether it should be allowed out of time is excusable neglect, not good cause.  *ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 4239454, at *1 (D. Kan. Nov. 30, 2007).

[19] *Becker v. Securitas Sec. Servs. USA, Inc.*, No. Civ. A. 06-2226-KHV-DJW, 2007 WL 677711, at *3 (D. Kan. Mar. 2, 2007) (citing Fed. R. Civ. P. 34(a)).

[20] *Id*. (citing *Shaw v. Mgmt & Training Corp.*, No. 04-2394-KHV-DJW, 2005 WL 375666, at *1 (D. Kan. Feb. 9, 2005)).

[21] *Id*. (denying motion to compel because Federal Rules of Civil Procedure 34 and 37 did not provide the court with authority to compel the plaintiff to sign authorization forms for the release of medical, employment and educational records).

documents is to serve them a subpoena pursuant to Federal Rule of Civil Procedure 45.[22]

IT IS THEREFORE ORDERED that Defendant's Motion to Compel Medical and Employment Authorizations (Doc. 31) is hereby denied as described above.

**IT IS SO ORDERED**.

Dated this 16th day of November 2009, at Topeka Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[22] *Id.* at *3 n.12; *see also Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 540 (D. Kan. 2006).